IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 2:07-cr-00157-WKW |
| ) | |
| LYDELL HARRIS ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:         DONNIE WAYNE BETHEL

ASSISTANT U.S. ATTORNEY:   CHRISTOPHER A. SNYDER

**STATUTES CHARGED**

18 U.S.C. § 401(1) & (3)      (Contempt of Court)

**PENALTIES – MAXIMUM PENALTY:**

18 U.S.C. § 401(1) & (3)      (Contempt of Court)

A term of imprisonment of not more than six months, if without jury trial, *see Cheff v. Schnackenberg*, 384 U.S. 373, 380 (1966), otherwise life, and a fine, or both; a term of supervised release of not more than five years; an assessment fee of $100; and an order of restitution.

**ELEMENTS OF THE OFFENSE**

18 U.S.C. § 401(1)     (Contempt of Court)

- 1. That in a matter of a court of the United States;

  2. The Defendant misbehaved in the presence of the Court or so near thereto;

  3. To obstruct the Administration of Justice

18 U.S.C. § 401(3)     (Contempt of Court)

  1. That in a matter of a court of the United States;

    2.       The Defendant disobeyed or resisted the lawful writ, process, order, rule, decree, or command of the Court.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christopher A. Snyder, Assistant United States Attorney, and Donnie Wayne Bethel, attorney for the defendant, pursuant to Rules 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the contempt charge in this case and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

    1.       The Government and the Defendant agree that the appropriate sentence in this case will be a term of imprisonment and agree that the term of imprisonment will not exceed six months. The Government will argue for six months. The Defendant is free to ask for less than six months imprisonment, but may not argue for probation or other non-imprisonment options.

    2.       The Government agrees not to charge the Defendant with perjury stemming from the conduct that the Defendant is charged with and pleading guilty to in this case.

    3.       The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1. The defendant agrees to plead guilty to the contempt charge.

2. The defendant agrees with the calculation of the sentence and the other provisions as set forth in paragraphs 1, 2, and 3 of the government's provisions.

3. The defendant further agrees to the following:

   a. To forfeit any and all firearms in his possession.

   b. To not commit state, federal, or local crimes.

   c. To waive appeal and collateral attack as detailed below.

## FACTUAL BASIS

The defendant admits the allegations charged in the contempt charge and understands that the nature of the charge to which the plea is offered involves the following proof:

Defendant Lydell Harris gave false testimony to the Court and obstructed justice during his July 17, 2007 sentencing in the U.S. District Court for the Middle District of Alabama. At the hearing Harris falsely stated that he had not used drugs since his last positive drug test when he, in fact, had used marajuana. Defendant also committed two violations of the Court's pre-trial release conditions with his unlawful drug use on or about April 23, 2007, and July 17, 2007.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of

ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1. The defendant, before entering a plea of guilty to contempt charge as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

    c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of

-4-

sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

   d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury if his sentence is in excess of six months and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

   f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.  The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h.  The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.  The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

j.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the contempt charge herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2. The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury if the sentence is in excess of six months on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not ruthful.

This 16TH day of August, 2007.

        Respectfully submitted,
        LEURA G. CANARY
        UNITED STATES ATTORNEY

        _____
        Christopher A. Snyder
        Assistant United States Attorney

                131 Clayton Street
                Montgomery, Alabama 36104

                _____
                Louis V. Franklin
                Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, Donnie Wayne Bethel

                _____
                Lydell Harris
                Defendant

8/16/07
_____
Date

_____
Donnie Wayne Bethel
Attorney for the Defendant

16 Aug 07
_____
Date

-8-